STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
land, SS. Clerk's Office

S 2 0 2020

RECEIVED

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CR-19-3942

STATE OF MAINE            )
                          )
                          )
v.                        )          ORDER ON MOTION TO SUPPRESS
                          )
DANA FOSTER               )
                          )
          Defendant       )

By motion filed December 10, 2019, Defendant seeks to suppress his admission that he was the driver at the time of his vehicle's rollover on the ground that he was subjected to custodial interrogation without having been provided the requisite *Miranda* warnings and on the ground that his statement was involuntary because made while he was experiencing extreme medical distress. Defendant further seeks to suppress the results of his blood testing on the ground that his consent to the blood draw, provided while he was at Maine Medical Center with a severe eye injury, was not knowing and voluntary. Defendant asserts, further, that the law enforcement practice of following an ambulance and entering the hospital in order to obtain consent for a blood draw is a *per se* violation of the constitutional right to be free from unreasonable searches and seizures.

The court held a hearing on Defendant's Motion to Suppress on February 6, 2020. Assistant District Attorney William Barry appeared on behalf of the State and Attorney Lawrence Winger appeared on behalf of Defendant. The court heard testimony from Sergeant Kevin Theriault of the South Portland Police Department and from Officer Caitlyn Thurlow, a Law Enforcement Phlebotomy Technician for South Portland. The court viewed video footage from Sergeant Theriault's encounter with Defendant at the scene of the rollover,[1] and admitted into evidence the recording, the blood collection report, Defendant's summons for OUI, and Defendant's summons for Operating after Suspension.

With respect to suppression of Defendant's admission that he was the driver, the court finds that *Miranda* warnings were not required because at the time the statement was made Defendant was not in custody and was not being subjected to custodial interrogation. *See, e.g., State v Bridges*,

---

[1] Sergeant Theriault testified that in accordance with South Portland Police Department's policy, he turned his bodycam off when he entered Maine Medical Center.

2003 ME 103, ¶ 23 ("In order for the statements made prior to a Miranda warning to be admissible, the State must prove, by a preponderance of the evidence, that the statements were made while the person was not in custody, or was not subject to interrogation."); *State v. Dion*, 2007 Me 87, ¶ 23 (setting forth factors to be considered in determining whether an individual is "in custody" for purposes of *Miranda*). Further, while Defendant was bleeding and had sustained a serious eye injury, the court does not find that his response to Sergeant Theriault's query as to who had been driving was the product of duress or coercion or was otherwise involuntary.

With respect to the blood test results, as stated in *State v. LeMeunier-Fitzgerald*, 2018 ME 85: "When a defendant moves to suppress evidence obtained without a warrant and the State asserts that no warrant was required because the suspect consented to the search, it is the State's burden to prove 'by a preponderance of the evidence, that an objective manifestation of consent was given by word or gesture.' The question of voluntariness is 'determined from the totality of all the circumstances.' A search is unreasonable if a person's consent to the search was 'coerced, by explicit or implicit means, by implied threat or covert force' or duress, or was induced by 'deceit, trickery, or misrepresentation.'" *Id.* ¶¶ 21-22 (internal citations omitted).

Sergeant Theriault testified that when he arrived at the scene of the rollover Defendant was bleeding and that he detected the odor of intoxicants coming from Defendant's blood. Accordingly, unlike in *State v. Wheddle*,[2] 2000 ME 12, the officer arriving at the scene had probable cause to suspect that Defendant was intoxicated, and Defendant's consent for the blood draw was sought and obtained.

Defendant ask the court to infer that his consent was not knowing and voluntary from the fact that his consent was obtained while he was prone in a hospital bed hooked up to lines in both arms, having sustained a severe eye injury. The court finds credible Officer Thurlow's testimony

---

[2] In *Wheedle*, the Law Court held that 29-A M.R.S. § 2522 -- a statute providing for the blood testing of all drivers involved in fatal or likely fatal motor vehicle accidents – was unconstitutional, reasoning: "Wheedle's blood was taken without a warrant, without his consent, and without probable cause to believe that he was impaired by alcohol at the time his blood was drawn. No exception to the Fourth Amendment's warrant requirement applies. Therefore, the warrantless blood draw performed at the scene of the accident pursuant to 29-A M.R.S. § 2522 violated Weddle's Fourth Amendment right to be free from unreasonable searches and seizures." *State v. Wheedle*, 2020 ME 12, ¶ 30. Notwithstanding its conclusion respecting the statute's constitutionality, the Law Court held that the trial court had not erred in admitting the results of the blood draw on the ground that "the officer who ordered the draw reasonably did so in good faith reliance on § 2522 and our prior decisions." *Id.* at ¶ 37.

2

that Defendant was conscious and did not appear to have any difficulty understanding that she was a law enforcement officer seeking his consent for a blood draw.[3] As in *State v. Ayotte*, 2019 ME 61, in which the Law Court found capacity to consent to a blood draw despite the fact that consent was obtained while the defendant was in the hospital with a concussion, having considered the evidence adduced at hearing the court finds that Mr. Foster's injury and medical status did not render him incompetent to provide knowing and voluntary consent to the blood draw.

Accordingly, it is hereby ORDERED that Defendant's Motion to Suppress is DENIED in its entirety.

DATED: 2/20/2020

_____
Maria Woodman
Judge, Unified Criminal Court

---

[3] The fact that Sergeant Theriault noted "unable to sign" on each of the summons does not establish a lack of capacity to provide consent. Although Sergeant Theriault was unable to recall the reason that he made that notation, he testified that he might have done so because he did not want to get in the way of medical personnel attending to Defendant.